The undersigned have reviewed the Order of Deputy Commissioner Chapman and plaintiff's counsel's brief to the Full Commission. As the appealing party has not shown good ground to reconsider the evidence; receive further evidence; rehear the parties or their representatives, the Full Commission modifies and affirms the Order of the Deputy Commissioner as follows:
***********
The Full Commission modifies and affirms the findings of fact found by the Deputy Commissioner as follows:
 FINDINGS OF FACT
1. On 12 July 1993, plaintiff sustained an injury by accident arising out of and in the course of his employment with defendant-employer. The claim was accepted as compensable and plaintiff received temporary total disability benefits from 20 July 1993 through 26 July 1993; 3 September 1993 through 16 June 1994; and 1 May 1995 through 15 May 1995.
2. A controversy arose regarding plaintiff's permanent partial disability, if any, arising from the injury by accident, as well as plaintiff's entitlement to additional temporary total and/or temporary partial disability benefits.
3. On 19 May 1995, plaintiff entered into a contingent fee contract with attorney Richard F. Harris wherein he agreed to pay Mr. Harris one third of any recovery or settlement reached in this matter.
4. Between 19 May 1995 and 23 October 1998, plaintiff's counsel spent a total of 28.8 hours on plaintiff's case. A paralegal working for plaintiff's counsel spent an additional 10.2 hours during that period. Plaintiff's counsel's record of the time spent reflects that counsel's efforts consisted primarily of telephone conversations and sending or receiving correspondence. The case never went to hearing before a deputy commissioner, and was settled prior to the beginning of discovery.
5. On 28 October 1998 the parties entered into a Compromise Settlement Agreement whereby plaintiff agreed to accept and defendants agreed to pay all outstanding medical bills as of the date of the agreement, and to pay the sum of $8,000.00 to settle all matters at issue arising out of the 12 July 1993 injury. Under the Agreement, the $8,000.00 payment was subject to attorney's fees for plaintiff's counsel.
6. Deputy Commissioner Chapman provided for an attorney fee in the amount of $2,000.00, or one fourth of plaintiff's recovery under the Settlement Agreement.
7. Plaintiff's counsel's request for a fee of one third of plaintiff's recovery is unreasonable, given the amount of plaintiff's recovery and the nature of the work provided by counsel on plaintiff's claim. The amount of attorney's fees as awarded by Deputy Commissioner Chapman is a reasonable fee given the facts of counsel's representation.
***********
Based upon the foregoing stipulations and findings of fact, the Full Commission concludes as follows:
 CONCLUSIONS OF LAW
1. Plaintiff's counsel is entitled to a reasonable attorney's fee of twenty-five percent of plaintiff's total recovery pursuant to the Settlement Agreement. N.C. Gen. Stat. § 97-90(c).
***********
Based upon the foregoing findings of fact and conclusions of law, the Full Commission enters the following
 AWARD
1. Plaintiff's counsel is hereby awarded the sum of $2,000.00 in attorney's fees to be deducted from plaintiff's total recovery under the Settlement Agreement.
2. Plaintiff's counsel shall pay the costs of this action.
***********
This the ___ day of April, 1999.
 S/_____________ DIANNE C. SELLERS COMMISSIONER
CONCURRING:
S/_____________ RENEE C. RIGGSBEE COMMISSIONER
S/_____________ THOMAS J. BOLCH COMMISSIONER